## Sons v. Farley et al.

April 25, 1947.

OPINION OF THE COURT BY JUDGE LATIMER—Overruling motion.

The defendant. Wells Heath, Jr., files motion pursuant to Section 270 of the Civil Code of Practice to set aside the order entered in vacation by Judge Thomas reinstating an attachment.

As grounds for his motion, he states that the motion of plaintiff, and the brief accompanying same, were not delivered to the attorneys of the defendant until April 7, 1947; that the order was handed down April 11; and that he did not have reasonable opportunity to file responsive brief to that submitted by the plaintiff.

Plaintiff states in his response to defendant's motion to set aside reinstatement that the defendant was served with written notice on April 5th; that on April 9th such motion would be made before a Judge of the Court of Appeals; and that on April 7 copies of the motion and of plaintiff's brief were delivered to defendant, as he concedes.

If defendant did not have sufficient time to prepare a brief pursuant to notice, it certainly was his duty immediately to ask for an extension of time within which to prepare his brief. This was not done. There is no provision in our Civil Code of Practice under Section 270, dealing with reinstatement of attachments, or in any other section relating to temporary orders such as this, for a succession of motions to set aside a previous order made by a Judge of the Court of Appeals. Were this true, this procedure could go on ad infinitum. Section 267 of the Civil Code of Practice provides as follows: "The reinstatement of attachments, as provided in section 270, shall only be binding on the inferior court until judgment; and when judgment is rendered in the action the inferior court shall make a disposition of the motion to discharge—which shall, in like manner, be final."

The order herein merely keeps the matter in status quo, and in no way deprives the defendant from eventually obtaining a determination of the question by a formal appeal after a final judgment is rendered in the court below. All members of the Court sat with me in the hearing of this motion, and all concur in the order that the motion be overruled.

The motion for the setting aside of the order of April 11, 1947, is overruled.